# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| RALPH JAMES GOMEZ,<br><br>          Petitioner,<br>vs.<br><br>LEROY BACA,<br><br>          Respondent. | Case No. CV 09-5239 GAF (DTB)<br><br>ORDER SUMMARILY DISMISSING PETITION FOR WRIT OF HABEAS CORPUS FOR LACK OF SUBJECT MATTER JURISDICTION |

On July 17, 2009, petitioner filed a Petition for Writ of Habeas Corpus by a Person in State Custody (the "Petition"), ostensibly pursuant to 28 U.S.C. § 2254. Under 28 U.S.C. § 2254(a), the Court is empowered to "entertain an application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court . . . on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." Here, it appears from the face of the Petition that petitioner's custody does not stem from the judgment of a State court. Rather, petitioner is a pretrial detainee, awaiting trial in Los Angeles Superior Court on various drug charges. Petitioner purports to be raising two federal constitutional challenges, including ineffective assistance of counsel and various Eighth Amendment violations. Because there is no State court judgment here, the Court could construe the Petition as having been brought pursuant to 28 U.S.C. §

2241(c)(3), which empowers a district court to issue a writ of habeas corpus before a judgment is entered in a criminal proceeding, see McNeely v. Blanas, 336 F.3d 822, 824 n.1 (9th Cir. 2003). However, for the reasons discussed hereafter, the Court has concluded that this case should be summarily dismissed.

Although there is no exhaustion requirement for a petition brought under 28 U.S.C. § 2241(c)(3), principles of federalism and comity require that a district court abstain until all state criminal proceedings are completed and the petitioner exhausts all available judicial state remedies, unless the petitioner can show that special circumstances warrant federal intervention prior to the state criminal trial. See Braden v. 30th Judicial Circuit Court of Kentucky, 410 U.S. 484, 489, 93 S. Ct. 1123, 35 L. Ed. 2d 443 (1973); Carden v. Montana, 626 F.2d 82, 83-84 (9th Cir.), cert. denied, 449 U.S. 1014 (1980); see also Younger v. Harris, 401 U.S. 37, 44-46, 91 S. Ct. 746, 27 L. Ed. 2d 669 (1971) (under principles of comity and federalism, a federal court should not intervene in a pending state criminal prosecution absent extraordinary circumstances where the danger of irreparable harm is both great and immediate, and cannot be eliminated by defense against the prosecution). "[O]nly in the most unusual circumstances is a defendant entitled to have federal interposition by way of injunction or habeas corpus until after the jury comes in, judgment has been appealed from and the case concluded in the state courts." Drury v. Cox, 457 F.2d 764, 764-65 (9th Cir. 1972).

Younger abstention is appropriate in favor of a state proceeding if three criteria are met: (1) the state proceedings are ongoing; (2) the proceedings implicate important state interests; and (3) the state proceedings afford an adequate opportunity to raise federal constitutional challenges. See Middlesex County Ethics Comm. v. Garden State Bar Ass'n, 457 U.S. 423, 432, 102 S. Ct. 2515, 73 L. Ed. 2d 116 (1982); Kenneally v. Lungren, 967 F.2d 329, 331-32 (9th Cir. 1992), cert. denied, 506 U.S. 1054 (1993). In Carden, the Ninth Circuit held that "[o]nly in cases of proven harassment or prosecutions undertaken by state officials in bad faith without hope of

obtaining a valid conviction and perhaps in other extraordinary circumstances where irreparable injury can be shown is federal injunctive relief against pending state prosecutions appropriate." Carden, 626 F.2d at 84 (citing Perez v. Ledesma, 401 U.S. 82, 85, 91 S. Ct. 674, 677, 27 L. Ed. 2d 701 (1971)).[1]

Here, it appears to the Court that all three criteria for Younger abstention are met with respect to the criminal proceeding still pending against petitioner in Los Angeles Superior Court. Moreover, petitioner has failed to allege the type of special circumstances that warrant federal intervention. Rather, the claims directed to the criminal proceeding that petitioner is making are claims that can and should be addressed in the first instance by the trial court, and then by the state appellate courts, before petitioner seeks a federal writ of habeas corpus.[2]

To the extent petitioner is also complaining that the conditions of his confinement, including excessive noise, substandard dental service, and restricted exercise and recreation, violate the Eighth Amendment prohibition of cruel and unusual punishment, the Court notes that such claims directed to the conditions of petitioner's confinement may not properly be asserted in a habeas petition, or as part

/ / /

---

[1] One exception to the abstention doctrine is that "federal courts will entertain pre-trial habeas petitions that raise a colorable claim of double jeopardy." See Mannes v. Gillespie, 967 F.2d 1310, 1312 (9th Cir. 1992); see also Wilson v. Czerniak, 355 F.3d 1151, 1157 (9th Cir. 2004). Petitioner raises no such claim here, and thus cannot avail himself of the exception.

[2] The Court also notes that petitioner cannot properly raise a claim of ineffective assistance of counsel where, as here, he has chosen to represent himself. See Faretta v. California, 422 U.S. 806, 834-35 n. 46, 95 S. Ct. 2525, 45 L. Ed. 2d 562 (1975) ("[A] defendant who elects to represent himself cannot thereafter complain that the quality of his own defense amounted to a denial of 'effective assistance of counsel'"); United States v. Cochrane, 985 F.2d 1027, 1029 (9th Cir. 1993) (quoting Faretta); Savage v. Estelle, 924 F.2d 1459, 1466 (9th Cir. 1990) (quoting Faretta).

of a habeas petition. See 28 U.S.C. § 2254(a); see also Preiser v. Rodriguez, 411 U.S. 4475, 498-500, 93 S. Ct. 1827, 36 L. Ed. 2d 439 (1973).

IT THEREFORE IS ORDERED that this action be summarily dismissed, pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts.

LET JUDGMENT BE ENTERED ACCORDINGLY.

DATED: 8/5/09

GARY A. FEESS
UNITED STATES DISTRICT JUDGE

Presented by:

David T. Bristow
United States Magistrate Judge